UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Billy Joe Bishop,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>Jeffrey A. Uttecht,<br><br>　　　　　Respondent. | CASE NO. 3:19-cv-05554-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  September 27, 2019 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner Billy Joe Bishop filed his federal habeas petition on June 16, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore,

the Court recommends that the petition be dismissed without prejudice. The Court also recommends denying all pending motions (Dkts. 10, 11) as moot without prejudice.

## BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for failure to register as a sex offender and escape from community custody. Dkt. 13, Exhibit 5. Petitioner was sentenced on January 28, 2018. *Id.* Petitioner did not file a direct appeal. *See* Dkt. 7.

Petitioner raises four grounds for relief all based on his claim that he is unlawfully detained, and that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 7. On July 23, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 12. Respondent maintains that the petition should be dismissed without prejudice for failure to exhaust state remedies. Dkt. 12.  In the alternative, respondent argues that his claims fail to state a federal constitutional ground for habeas corpus relief and should be dismissed. Dkt. 12. Petitioner filed a traverse. *See* Dkt. 14.

## DISCUSSION

**I.  Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner challenges his 2018 judgment and sentence. Dkt. 7; Dkt. 13, Exhibits 1-5. Petitioner acknowledges in the petition that he has not filed a direct appeal or sought further review by a state court. Dkt. 7. Because the state courts have not yet had a full and fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the 'same claims' that are 'fairly' presented to the highest state court.").

However, petitioner has an available state remedy. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, petitioner did not file a direct appeal, thus, his judgment became final for purposes of state law on January 28, 2019, the date it was filed with the clerk of the trial court. Dkt. 13, Exhibit 5; RCW § 10.73.090(3)(a). Petitioner has one year from the date the judgment became final, or until January 28, 2020, to file a petition or motion for post-conviction relief in state court. *See* RCW § 10.73.090(1), (2), (3)(a).

In the traverse, petitioner contends that it is not appropriate for him to exhaust his state remedies because the petition is a "[c]onstitutional challenge of state action" and the federal district court has original jurisdiction. Dkt. 14 at 1-2. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective. Rather,

REPORT AND RECOMMENDATION - 3

petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not shown there are no state court remedies available to him.

Petitioner failed to properly exhaust his state remedies and state remedies remain available to him. Based on the foregoing, the Court declines to consider whether petitioner's claims fail to sate a federal constitutional ground for relief. *See* Dkt. 12. Accordingly, the undersigned recommends that the petition be dismissed without prejudice. *See Hill v. Hill*, 2001 WL 34727917 (D. Or. June 29, 2001).

**EVIDENTIARY HEARING**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

**CERTIFICATE OF APPEALABILITY**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue

. . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**OTHER PENDING MOTIONS**

Petitioner also filed a motion to compel discovery of information (Dkt. 10) and motion to show cause for the Court to determine clear answers to the claims raised in the petition (Dkt. 11). In both motions, petitioner argues that respondent has failed to provide legal cause for petitioner's arrest and detainment. Dkts. 10, 11. As discussed above, the Court concludes that the petition is unexhausted and recommends it be dismissed without prejudice. Accordingly, the Court recommends both motions (Dkts. 10, 11) be denied without prejudice as moot.

**CONCLUSION**

The Court recommends that the petition be dismissed without prejudice. The Court also recommends denying all pending motions (Dkts. 10, 11) as moot. No evidentiary hearing is necessary, and a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. §

1  636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is

2  directed to set the matter for consideration on September 27, 2019 as noted in the caption.

3        Dated this 3rd day of September, 2019.

4

5

6  _____

7  J. Richard Creatura
   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 6